The People *ex rel.* Rosenthal agt. Cowles.

---

# SUPREME COURT.

## THE PEOPLE *ex rel.* ROBERT J. ROSENTHAL agt. SAMUEL N. COWLES.

*Habeas corpus — To whom application for the writ must be made — Form of petition.*

The restriction in the *habeas corpus* act that application for a writ must be to a judge or officer within the county where the prisoner is detained, or an adjoining county, does not apply to the supreme court or one of its justices.

The plain reading of the statute is that an application may be made to the supreme court, or to one of its justices anywhere, but when it is made "to any officer who may be authorized to perform the duties of a justice of the supreme court at chambers," that officer must be or reside "within the county where the prisoner is detained," unless there "be no such officer within such county, or if he be absent, or for any cause be incapable of acting, or have refused to grant such writ."

Where the petition fails to state the locality of the confinement it is

defective.   The locality of the detention should be stated so that the discretion of the court or judge, as to the place of the return of the writ, could be exercised.

The petition is required to state "that such prisoner is not committed or detained by virtue of any process, judgment, decree or judgment specified in the preceding twenty-second section." A detention for one of the causes specified in said section should be negatived.   The petition should show the party detained to be without the exception.

*Special Term, August,* 1880.

MOTION to punish the respondent for contempt in not producing the body of James Smith pursuant to the command of a writ of *habeas corpus.*

*A. H. Purdy,* for the motion.

*L. L. Delafield,* opposed.

WESTBROOK, *J.* — Upon the application of Robert J. Rosenthal, who claims to be the guardian of James Smith, an .infant child whose parents are both dead, a writ of *habeas corpus* was allowed by a justice of this court, in the city of New York, sitting in a special term, then and there held by him, requiring Samuel N. Cowles, then residing in the city of Syracuse, in the county of Onondaga, to produce before the judge allowing the writ in said special term in the said city of New York the body of said James Smith in order that his alleged illegal detention might be inquired into.

The writ was duly served upon Cowles at the city of Syracuse, and on the return day thereof he did not produce the child but appeared by counsel and asked that the writ should be quashed for reasons which will be examined in the order in which they were made.

First. It is claimed that a justice of the supreme court has no power to require the body of a person detained in a county other than that in which the writ issues and in which it is made returnable, to be brought before him, unless there be no

officer within the county where the person is so detained who has power to issue such writ, or unless "he be absent or have refused to grant such writ."

The objection is founded upon the provisions of the *habeas corpus* act, which will be found in 3d Revised Statutes (*6th edition, pages* 875, 876, *&c.*).

There is no such limitation upon the power of the supreme court, or one of its justices as is contended for by the counsel for the respondent. Section 37 (*section* 23 *of the old statute*) provides for an application: "1. To the supreme court during its sitting; or, 2. During any term or vacation of the supreme court to any one of the justices of the supreme court, or any officer who may be authorized to perform the duties of a justice of the supreme court at chambers, being or residing within the county where the prisoner is detained; or if there be no such officer within such county, or if he absent, or for any cause be incapable of acting or have refused to grant such writ, then to some officer having such authority residing in any adjoining county."

This section designates three tribunals to which the application for the writ can be made: 1st, "The supreme court during its sittings;" 2d, "Any one of the justices of the supreme court," and, 3d, "Any officer who may be authorized to perform the duties of a justice of the supreme court at chambers, being or residing within the county where the prisoner is detained."

If the nomenclature of the statute in defining the jurisdictions from which the writ issues is borne in mind there is no difficulty in its construction. A justice of the supreme court is an officer, but he is not one of those whom the section includes under that general term, for he is specially designated by his peculiar title, and those who are embraced by the words " any officer " are also so specifically defined that we know that a justice of the supreme court is not referred to, but only those " who may be authorized to perform the duties of a justice of the supreme court at chambers." The plain read-

ing of this section is that an application may be made to the supreme court, or to one of its justices anywhere, but when it is made "to any officer who may be authorized to perform the duties of a justice of the supreme court at chambers," that officer must be or reside "within the county where the prisoner is detained," unless there "be no such officer within such county, or if he be absent or for any cause be incapable of acting or have refused to grant such writ."

The next section (*the* 38*th of* 3 *R. S.* [6*th ed.*], *p.* 875, 876, *and the* 24*th of the old statute*) evidently uses the word "officer" in the same sense that the preceding one does. It is not the supreme court or a justice thereof who is required thereby to deny the application for the writ when it is made out of the county "where the prisoner shall be detained," unless it be shown "that there is no officer in such county authorized to grant the writ, or, if there be one, that he is absent or has refused to grant such writ or for some cause to be specially set forth is incapable of acting," but "any officer not residing within the county where the prisoner is detained," using the word "officer" in the same restricted sense in which it is used in the preceding section.

This construction is made clear by section 43, 3 Revised Statutes (6*th edition*), pages 876, 877; chapter 240 of Laws of 1837, section 1, which provides: "When application shall be made to the supreme court, or to any one of the justices of the supreme court, for a writ of *habeas corpus* or *certiorari,* pursuant to the second article of title 1, chapter 9 of the third part of the Revised Statutes, in cases where the prisoner is confined in a county other than where such court shall then be held or officer reside, such court may, in its discretion, and such officer may, in his discretion, make such writ returnable before some other officer authorized to issue such writ in the county where the prisoner may be confined."

This section recognizes the power of the supreme court, or one of its justices, to issue the writ when the party detained is out of the county in which the application is made, and

The People *ex rel.* Rosenthal agt. Cowles.

allows, either in its or his discretion, to make it returnable in the county where the detained is, before an officer who is there and who is authorized to issue it. It would certainly, at times, be a great hardship if relief could only be procured in the county where the prisoner was detained, either by *habeas corpus* or *certiorari*, for if there be a prohibition it applies to both; and the statute is not so unjust, for the limitation very clearly applies neither to the supreme court nor one of its justices, who have all the powers of the late court of chancery and the chancellor, but only to "any officer who may be authorized to perform the duties of a justice of the supreme court, at chambers."

The view now taken of the *habeas corpus* act is not novel but was adopted as long ago as 1847 by the late judge IRA HARRIS (*People ex rel. Benthley* agt. *Hanna*, 3 *How.*, 39), and has been, I believe, generally adopted by the profession as sound. A simple reference to that case would have been sufficient if it had not been said on the argument that a brother judge had recently taken a different view of the law. With this intimation I have deemed it wise to review the statutes, and the result fully justifies the conclusion of the late learned judge reported as above stated. Indeed, there is not even plausibility in the objection when the application is to the supreme court while in session. The entire argument in its support is based upon the use of the word "officer" in the statute; and that word, as there used, has been shown, from the language of the act, was not intended to embrace a justice of the supreme court, and by no possibility can that word include the court. It is an officer as such and not a court whose jurisdiction is sought to be impaired; and as this particular writ was allowed in open court and made returnable there it is not in the least obnoxious to the objection which was urged. The point we have considered must, therefore, be overruled.

Second. Objections are also taken to the form of the petition, and some of them are fatal.

1st: The thirty-ninth section of the act (3 *R. S.* [*6th ed.*], *page* 876, *subdivision* 1) requires the petition to state " the officer or person by whom he is so confined or restrained, and the place where."

The petition fails to state the locality of the confinement and is defective in that particular. Though the court or judge which issued the writ had the power to make it returnable where it was so made, the fact of the detention at Syracuse should have been stated so that the discretion of the court or judge, as to the place of the return of the writ, could have been exercised.

2d. The second subdivision of the same section (*the 39th of the 6th edition of R. S., and 25th of old edition*) requires the petition to state " that such prisoner is not committed or detained by virtue of any process, judgment, decree or judgment specified in the preceding twenty-second section."

The twenty-second, which exempts certain persons from the benefit of the *habeas corpus* act, is too well known to be quoted. The petition does not show James Smith to be without the exception. It is true that a cause of detention is specified, but a detention for one of the causes specified in such twenty-second section is not negatived, and that should be affirmatively done as the provision just quoted plainly requires.

For the two reasons just stated the writ of *habeas corpus* should be quashed and the motion to punish for contempt denied. No costs, however, will be allowed as the writ was not obeyed by the production of the body of Smith.